## APPEAL OF S. A. HINELY.

Docket No. 3252.   Submitted July 8, 1925.   Decided October 27, 1925.

In 1916 and 1917 the taxpayer sold certain turpentine rights and timber rights on property theretofore acquired by him, receiving payment partly in cash and partly in notes due in later years. *Held* that the gain from these sales accrued in 1916 and 1917, and no portion thereof was taxable in the year 1918 when certain of such notes were paid.

*Oscar O. McCollum* and *Charles Cook Howell, Esqs.*, for the taxpayer.

*E. C. Lake, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax in the amount of $315.48 for the year 1918.

### FINDINGS OF FACT.

The taxpayer is an individual residing in Florida, and during the year 1918 was in receipt of certain sums of money derived from a sale theretofore made of certain turpentine rights on real property, more fully set forth below, and was also in receipt of certain sums from the sale of timber rights and sawmill property upon certain other real estate, also more fully set forth below.

Prior and subsequent to March 1, 1913, the taxpayer acquired title in fee to certain real property in township 6, range 6 east, in township 5, range 7 east, and in township 4, range 6 east, in Taylor County, Fla. The cost of said property to the taxpayer and its value on March 1, 1913, was approximately $14,400. The tract

covered 3,958 acres. On December 7, 1916, the taxpayer sold and conveyed to one Malloy all the turpentine rights in respect of the timber upon the said land for a total consideration of $15,000, of which $3,000 was paid in cash and the balance was agreed to be paid upon certain promissory notes given at the time, one for $2,000 due January 1, 1917, one for $5,000 due July 1, 1917, and one for $5,000 due January 1, 1918. Payment upon the notes was not made at maturity, so that more than the amount provided to be paid was paid during the year 1918.

The value on March 1, 1913, of the turpentine rights and the cost thereof to the taxpayer included in the above cost and value of the entire property was $5,760.

Subsequent to March 1, 1913, the taxpayer acquired certain other land in Taylor County, Fla., containing timber, for $7,200, and on May 31, 1917, sold the timber rights on said land to one Cheek for a total price of $15,000, of which $6,000 was paid in cash at the time and notes for $5,000 and $4,000, due respectively in six and twelve months, were given for the balance. These notes, although ultimately paid, were not all paid at maturity, and the amount paid during the year 1918 is uncertain.

Upon the first of the above-mentioned transactions the Commissioner in his deficiency letter asserts a profit of $7,800, the taxpayer in his original return having included a profit of $5,000. Upon the second transaction the taxpayer reported a profit in the year 1918 of $6,000, which the Commissioner in his deficiency letter appears not to have changed.

#### DECISION.

The deficiency determined by the Commissioner is disallowed.

#### OPINION.

JAMES: The taxpayer claims in respect of both transactions set forth above that they were completed, one in 1916 and the other in 1917, and that no profit was realized by the taxpayer in the year 1918 upon either. It does not appear whether the taxpayer returned any profit upon these transactions in the years in which they actually occurred, but in the present proceeding this is not material. The position of the taxpayer that the transactions were closed and the profits realized in 1916 and 1917 is correct and the deficiency determined by the Commissioner must be disallowed.